UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACOB GALLEGOS,

                    Petitioner,

                                        Case No. 25-cv-42-pp

    v.

BRADLEY MLODZIK,

                    Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1), DENYING MOTION TO STAY (DKT. NO. 4), DENYING AS UNNECESSARY MOTION TO SUPPLEMENT (DKT. NO. 5) AND REQUIRING RESPONDENT TO FILE ANSWER OR RESPONSIVE PLEADING**

On January 9, 2025, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2017 conviction for first degree reckless injury, first degree recklessly endangering safety and felony witness intimidation. He has paid the $5.00 filing fee. On April 22, 2025, the petitioner filed a motion to stay this case, and a document titled "Motion to Extend 2254 Merits and to Supplement those Merits as an alternative." Dkt. Nos. 4, 5.

This order resolves the pending motions and screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

I.    **Background**

The petition refers to State v. Gallegos, Kenosha County Case Nos. 2016CF000313, 2017CF000254 (available at https://wcca.wicourts.gov/).

1

After a four-day trial, a jury convicted the petitioner of one count of first-degree reckless injury, three counts of first-degree recklessly endangering safety, two counts of second-degree recklessly endangering safety and thirteen counts of felony witness intimidation. The court sentenced him to twenty-two and a half years of initial confinement and fifteen years of extended supervision. Id. The court entered the judgment of conviction on August 24, 2017. Id.

On October 4, 2021, the petitioner filed a postconviction motion alleging that he received ineffective assistance of counsel and that the circuit court relied on an improper factor during sentencing. Id.; Dkt. No. 1 at 3. The circuit court denied the postconviction motion and the petitioner appealed that decision and his underlying conviction. Gallegos, Case Nos. 2016CF000313, 2017CF000254. The court of appeals summarily affirmed the judgment and order on August 2, 2023. Id. The Wisconsin Supreme Court denied the petitioner's petition for review on December 12, 2023. Id. The petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

The petitioner filed a prior federal *habeas* petition challenging his conviction on December 9, 2024. Gallegos v. Mlodzik, Case No. 24-cv-1576 (E.D. Wis.). In that petition, he presented three grounds for relief: (1) trial counsel was ineffective for failing to call an eyewitness at trial; (2) the court relied on an improper factor at sentencing; and (3) appellate counsel failed to challenge the sufficiency of the evidence used to convict the petitioner. Id., Dkt. No. 1. On December 30, 2024, Judge Brett Ludwig screened the petition and determined that the petitioner had not exhausted his third ground for relief because he did not raise it in the state court before filing his federal petition. Id., Dkt. No. 4. Judge Ludwig dismissed the petition as unexhausted, stating that the petitioner still had time to file a new *habeas* petition after he

2

exhausted his state court remedies on Ground Three. <u>Id.</u> at 4. Judge Ludwig stated that in the alternative, the petitioner could refile his petition presenting only his exhausted claims. <u>Id.</u>

Shortly thereafter, the petitioner filed this petition presenting two grounds for relief: (1) trial counsel was ineffective for failing to call an eyewitness at trial and (2) the court relied on an improper factor at sentencing. Dkt. No. 1 at 6–7. Then, the petitioner filed a motion to stay stating that he was requesting a stay "so that he can efficiently exhaust and preserve all issues raised at the lower court and to have these issues heard or addressed by the lower court." Dkt. No. 4 at 1. The petitioner also filed a document titled "Motion to Extend 2254 Merits and to Supplement those Merits as an alternative." Dkt. No. 5. In that document, the petitioner "ask[s] the court to grant him an extension in good cause in light of the circumstances," but does not state what deadline he believes should be extended or how he wants to "supplement" the merits. <u>Id.</u> at 1.

## II. Rule 4 Screening

### A. <u>Standard</u>

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the

3

petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.      The Petition

The petition appears timely. The one-year limitations period for *habeas* cases runs from the latest of "the date on which the judgment became final by

4

the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The Wisconsin Supreme Court denied the petitioner's petition for review on December 12, 2023 and the petitioner did not seek a writ of certiorari from the United States Supreme Court, so his one-year limitations period began to run on March 11, 2024. See Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Supreme Court Rule 13.1 (setting 90-day deadline to file a petition for certiorari after the state supreme court denies review). The petitioner filed this petition on January 9, 2025, about two months before his limitations period expired.

The petition asserts that trial counsel was ineffective and that the court relied on an improper factor at sentencing. Dkt. No. 1 at 6–7. It appears that the petitioner exhausted both claims by raising them in his state postconviction proceedings. Ineffective assistance of counsel is a claim that is generally cognizable on federal *habeas* review. See Williams v. Taylor, 529 U.S. 362 (2000). The petitioner's second ground for relief is less clear. In the section of his petition stating the supporting facts for this claim, the petitioner states that "[t]he court at sentencing repeatedly and negatively referred to the judicial systems of Milwaukee and Chicago." Dkt. No. 1 at 7.

As stated above, this court can grant the petition only if the state court based its decision on an unreasonable determination of the facts or that its decision was contrary to or involved an unreasonable application of clearly established federal law. 28 U.S.C. §2254(d). The United States Supreme Court has held that "a judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence. The sentencing court or jury must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime

5

committed." <u>Wasman v. United States</u>, 468 U.S. 559, 563 (1984). But the Court has also recognized that the Due Process Clause of the Fourteenth Amendment constrains sentencing discretion in certain limited instances because "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 363 (1978). Courts have considered claims that the sentencing court relied on an improper factor when the factor relied on implicates a constitutional right. <u>See</u> <u>Dodson v. Cromwell</u>, No. 22-cv-1492, 2023 WL 5409010 (E.D. Wis. Aug. 22, 2023) (considering *habeas* claim where sentencing judge allegedly relied on petitioner's status as a gun owner in violation of his Second Amendment rights); <u>Gravelle v. Champagne</u>, No. 19-cv-1712, 2020 WL 6136128 (E.D. Wis. Oct. 19, 2020) (considering petitioner's claim that a judge improperly increased his sentence based on his refusal to submit to a blood draw in violation of the Fourth Amendment).

This petitioner's case differs because it's unclear from the petition what "improper factor" the judge allegedly relied on. Stating that the judge referred to "the judicial systems of Milwaukee and Chicago" does not implicate a constitutional right, nor does the petitioner explain what the statements were or how the judge relied on those statements when sentencing him. Because the second ground for relief as plead does not appear to be cognizable on *habeas* review, the court will not allow the petitioner to proceed on this claim.

As to the first ground for relief—ineffective assistance of trial counsel— the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief. The petitioner has stated a claim, and it appears that he filed it within the one-year limitations period and that he has

6

exhausted his remedies. The court will order the respondent to file an answer or responsive pleading to Ground One of the petition.

## III.    Pending Motions

The petitioner's motion to stay indicates that he believes he must return to state court to exhaust his claims. Dkt. No. 4. However, based on the information provided in the petition, the two grounds for relief the petitioner raises were also raised in his state court post-conviction proceedings. The petitioner does not need to go back to state court to exhaust those claims. The petitioner may want to exhaust the other ground for relief he raised in his first *habeas* petition: ineffective assistance of appellate counsel. But because the petitioner has not raised that ground in *this* petition, there is no reason to stay this case while the petitioner exhausts that additional ground in state court. The petitioner is free to pursue his separate ineffective assistance of appellate counsel claim in state court while he pursues this petition in federal court; they are not mutually exclusive. The court will deny the petitioner's motion to stay and allow him to proceed with the two grounds for relief he states in this petition: ineffective assistance of trial counsel and the sentencing claim.

The court will also deny as unnecessary the petitioner's "Motion to Extend 2254 Merits and to Supplement those Merits as an alternative." There are currently no deadlines in this case for the court to extend, and any information the petitioner wants to provide regarding the merits of his petition can be included when he files a brief in support of his petition.

## IV.    Conclusion

The court **ORDERS** that the petitioner may proceed on Ground One of his *habeas* petition.

The court **DENIES** the petitioner's motion to stay. Dkt. No. 4.

The court **DENIES AS UNNECESSARY** the petitioner's motion for extension and to supplement. Dkt. No. 5.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to Ground One of the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact,

exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 3rd day of June, 2025.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

9